**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **POP TOP CORP.,** | |
| **Plaintiff,** | **Civil Action File No.: 6:21-cv-00315** |
| **vs.** | |
| **AMAZON.COM, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Pop Top Corporation ("Pop Top") brings this patent-infringement action against Amazon.com, Inc.

### Parties

1.     Pop Top is a California corporation with its principal place of business in Sunnyvale, California.

2.     Amazon is a Delaware corporation, having a principal place of business in Seattle, Washington.

### Jurisdiction and Venue

3.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court may exercise personal jurisdiction over Amazon, which

conducts continuous and systematic business in Texas and in this District. Amazon maintains corporate offices in this District. This patent-infringement case arises directly from Amazon's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Amazon would be consistent with traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b).

### Background

7.      The inventor of the patents-in-suit is Rohit Chandra. Mr. Chandra built companies which broadly stated, *inter alia*, offered widgets, superior search results, tools for curating web documents, highlighting, social networks etc. Mr. Chandra devoted 15 years reducing to practice and commercializing his inventions.

8.      This case involves Mr. Chandra's patents that protect the highlighting services that Mr. Chandra developed and brought to market and were crushed by misappropriation of his inventions by the Defendant.

### Count 1: Infringement of U.S. Patent No. 7,966,623

9.      Pop Top hereby realleges and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-8 above.

10.     Pop Top is the exclusive owner of U.S. Patent No. 7,966,623 (the '623 patent"). Attached as Exhibit A.

11.     The '623 patent is valid and enforceable.

12.     The '623 patent includes one claim, which is "A computer-implemented method, comprising: at a content server, receiving a request for an internet document from

a client web browser; serving the internet document from the content server to the client web browser, wherein the internet document includes code for invoking a highlighting service to operate with the internet document, the highlighting service hosted at a highlighting service server which is different than the content server hosting the internet document and the code causing a user interface object for invoking the highlighting service to be displayed by the client web browser in connection with the internet document . . . ."

13.     Amazon owns and operates the Kindle application (the "App"). The App runs on a user's device. For example, the App may be downloaded to and run on a user's iPhone. The user may launch the App on his iPhone and sign into his account and access material running within the App. The App running on the iPhone is a "web browser."

14.     The App is a process that includes software and interfaces to communicate with servers owned and controlled by Amazon. The App facilitates the download of a book to the user device, *A Tale of Two Cities*. The book running on the App is an internet document. The book is served to the user device—the user's iPhone—with executable code to invoke a highlighting service.

15.     The App includes a highlighting service hosted by a highlighting server. The App's highlighting service server is different than the content server that served the eBook, *A Tale of Two Cities*, to the iPhone. The App includes a tool, which allows the reader of *A Tale of Two Cities* to highlight portions of the text and add notes.

16.     Claim 1 continues, "responsive to a user selecting the user interface object in the client web browser, the client web browser communicating a request to the highlighting service server to invoke the highlighting service . . . ." When a user wants to highlight a section of the book running on the App, the App sends a request to the

highlighting server. The request directed to the highlighting service server contains an address of the internet document containing the text to be highlighted, in this example, the first lines of the book: "It was the best of times, it was the worst of times . . . ." The address indicates the server hosting this internet document. In other words, the address is a reference to the location of the highlight.

17.     Claim 1: "responsive to the request to invoke the highlighting service, the highlighting service server enabling the highlighting service for the internet document; responsive to the highlighting service being enabled for the internet document, displaying in the client web browser tools for highlighting text and objects of the internet document, said tools represented in a highlighter tool panel in the client web browser and said tools configured to provide the user with a selection of controls enabling various features and functions of the highlighting service; and responsive to the user highlighting an object in the internet document, communicating the highlighted object or portions thereof to the highlighting service server for storage in such a manner as to be associated with the user who generated the highlight." The Kindle user taps the iPhone screen to move his or her cursor to the first word of the selection that he or she wants to highlight. In this example, the user moves the cursor to the beginning of the phrase, "It was the best of times . . . ." If the user would like to highlight a phrase or paragraph, he drags the highlight posts at the beginning and end to where he wants them to be. The highlighting tools will appear as soon as you lift your finger from the screen. The user may also type notes that he wants to appear in the space provided using the on-screen keyboard. When he is finished typing the note, he taps the "Save" button to highlight the text and add the note to the highlighted section. The highlighting and notes of this user to *A Tale of Two Cities* are stored and associated

with this user's account ("Library").

## Count 2: Infringement of U.S. Patent No. 10,866,713

18.     Pop Top hereby realleges and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-8 above.

19.     Pop Top is the exclusive owner of U.S. Patent No. 10,866,713 (the '713 patent"). Attached as Exhibit B.

20.     The '713 patent is valid and enforceable.

21.     Amazon makes, uses, and sells devices, including but not limited to: Kindle, Kindle Paperwhite, Kindle Oasis, and Kindle Kids Edition (together, the "Device"). Amazon infringes the '713 patent when Amazon makes, uses, and sells the Device.

22.     Claim 1 is, "A personal digital device with an in-built memory, the device comprising: executable software stored in the in-built memory of the device . . . ." The Device includes a memory that stores, among other things, executable software.

23.     "[T]he software operative with a processor of the device without requiring the user to install any additional software components, the software enabling the portable electronic device to display a document on a screen of the device . . . ." The Device is sold with the Kindle application—defined above as the App—on the Device. The user of the Device may also download updates to the App. The App enables the Device to display eBooks, magazine articles, and other documents on the Device. The App facilitates performance of this and other functions operating with a processor of the Device. The user of the Device does not need to install any software to the Device.

24.     Claim 1 continues as follows: "wherein the document was retrieved from a content server on the Internet, wherein the document was caused to be displayed on the

screen of the device by utilizing at least a portion of the software, wherein the software is configured to provide a highlighting service to enable the user to create a highlight on at least one object of the document, wherein the highlighting service is visually invoked by a user initiated action . . . ." The App runs on the user's Device and allows the user to download, a document over the Internet, an eBook—*A Tale of Two Cities*—to the Device. The App includes a tool, which allows the reader of *A Tale of Two Cities* to highlight portions of the text and add notes.

25.     Claim 1: "wherein the software and/or the highlighting service is further configured to store the highlight, or a reference to the highlight, or a set of data associated with the highlight, created by the user in a storage connected to the Internet along with a unique reference to the user who created the highlight, and a unique reference to the document that the highlight was created on . . . ." When a user wants to highlight a section of the book running on the App, the App sends a request to the highlighting server. The request directed to the highlighting service server contains an address of the internet document containing the text to be highlighted, in this example, the first lines of the book: "It was the best of times, it was the worst of times . . . ." The address indicates the server hosting this internet document. In other words, the address is a reference to the location of the highlight. The Kindle user taps the Device's screen to move his or her cursor to the first word of the selection that he or she wants to highlight. In this example, the user moves the cursor to the beginning of the phrase, "It was the best of times . . . ." If the user would like to highlight a phrase or paragraph, he drags the highlight posts at the beginning and end to where he wants them to be. The highlighting tools will appear as soon as you lift your finger from the screen. The user may also type notes that he wants to appear in the space

provided using the on-screen keyboard. When he is finished typing the note, he taps the "Save" button to highlight the text and add the note to the highlighted section. The highlighting and notes of this user to *A Tale of Two Cities* are stored and associated with this user's account ("Library")

26.     Claim 1 concludes as follows: "wherein, upon being invoked, the software and/or the highlighting service is furthermore configured to automatically retrieve at least one of a previously stored: (i) a highlight, (ii) a reference to a highlight, or (iii) a set of data associated with a highlight." The App is configured to automatically retrieve and display for the Device user his stored highlights and notes taken with respect to this eBook copy of *A Tale of Two Cities*.

27.     Amazon infringes claim 2. When the Device user highlights *A Tale of Two Cities*, "the at least one highlight created by the user includes a portion of text."

28.     Amazon infringes claim 3. The user who highlights the one copy of *A Tale of Two Cities* is one of many Kindle account holders, all of whom use distinct devices to store and manage highlights to eBooks and other texts.

29.     Amazon infringes claims 4, 5, and 6. The Device included a storage that acts locally and connects to the internet. In other words, the user of the Device could access his stored highlights to *A Tale of Two Cities* on his iPhone running the App.

30.     Amazon infringes claim 7. The App is a browser add on. The App is built using browser technology.

31.     Amazon infringes claim 8. The App allows the user to share highlights with other users.

32.     Amazon infringes claim 9. The Device may receive updates to the App from

the internet, and the executable software for the App is received from a server connected to the Internet.

33.     Amazon infringes claim 10, which is quoted in full as follows: "A computer-implemented method for highlighting functionality on a digital handheld device without requiring a user of the device to install a special software component, the method comprising the steps of: serving a document to the device, wherein the document was obtained from a content server connected to the Internet; and displaying the document on a screen of the device by executing a software operative with a processor of the device, wherein the software enables activation of the highlighting functionality on the device, and the highlighting functionality is visually invoked in response to an action initiated by the user, wherein the highlighting functionality enables a user of the device to: create a highlight on a portion of the document; store the highlight, or a reference to the highlight, or a set of data associated with the highlight, created by the user in a memory with a unique reference to the user who created the highlight, and a unique reference to the document that the highlight was created on; and automatically restore a highlight on a portion of the document, upon the highlighting functionality being invoked."

34.     The Device is sold with the Kindle application—defined above as the App—on the Device. The user of the Device may also download updates to the App. The App enables the Device to display eBooks, magazine articles, and other documents on the Device. The App facilitates performance of this and other functions operating with a processor of the Device. The user of the Device does not need to install any software to the Device. The App runs on the user's Device and allows the user to download an eBook—*A Tale of Two Cities*—to the Device. The App includes a tool, which allows the reader of *A*

*Tale of Two Cities* to highlight portions of the text and add notes.

35.     When a user wants to highlight a section of the book running on the App, the App sends a request to the highlighting server. The request directed to the highlighting service server contains an address of the internet document containing the text to be highlighted, in this example, the first lines of the book: "It was the best of times, it was the worst of times . . . ." The address indicates the server hosting this internet document. In other words, the address is a reference to the location of the highlight. The Kindle user taps the Device's screen to move his or her cursor to the first word of the selection that he or she wants to highlight. In this example, the user moves the cursor to the beginning of the phrase, "It was the best of times . . . ." If the user would like to highlight a phrase or paragraph, he drags the highlight posts at the beginning and end to where he wants them to be. The highlighting tools will appear as soon as you lift your finger from the screen. The user may also type notes that he wants to appear in the space provided using the on-screen keyboard. When he is finished typing the note, he taps the "Save" button to highlight the text and add the note to the highlighted section. The highlighting and notes of this user to *A Tale of Two Cities* are stored and associated with this user's account ("Library"). The App is configured to automatically retrieve and display for the Device user his stored highlights and notes taken with respect to this eBook copy of *A Tale of Two Cities*.

36.     Amazon infringes claim 11. The App includes logic that communicates the user's highlights and notes to an Amazon controlled server over the internet.

37.     Amazon infringes claim 12. Amazon owns and uses a server that includes page saving logic and allows a user to store at least a portion of a document on a server accessible over a network.

38.    Amazon infringes claim 13. When a user wants to highlight a section of the book running on the App, the App sends a request to the highlighting server. The request directed to the highlighting service server contains an address of the internet document containing the text to be highlighted, in this example, the first lines of the book: "It was the best of times, it was the worst of times . . . ." The address indicates the server hosting this internet document. In other words, the address is a reference to the location of the highlight to the internet document

39.    Amazon infringes claim 14. The Device or the user's iPhone may receive updates to the App from the internet; the executable software for the App in its entirety can be installed on a device from a server connected to the Internet; and portions of the App are retrieved from a server connected to the Internet.

40.    Amazon infringes claim 15. The App allows the user to share highlights with other users, and the App displays an interface that facilitates such collaboration.

41.    Amazon infringes claim 16, which is quoted in full as follows: "A non-transitory computer-readable medium having stored thereon, a set of computer-executable instructions for causing an eBook to enable highlighting, the instructions executing on a processor of a portable electronic book device, wherein the device has executable software stored in a memory of the device for performing the steps of: enabling a highlighting service on a currently displayed document, wherein the currently displayed document was obtained from a content server connected to the Internet, wherein the highlighting service is visually invoked upon an action initiated by the user, and enables a user of the currently displayed document to generate at least one new highlight, wherein the highlighting service is configured to store the new highlight, or a reference to the new highlight, in a storage

unit, and wherein the highlighting service upon being invoked, is configured to automatically retrieve at least one previously generated highlight."

42.     Kindle sells the Device, which includes the medium of claim 16 as follows. The Device is sold with the Kindle application—defined above as the App—on the Device. The user of the Device may also download updates to the App. The App enables the Device to display eBooks, magazine articles, and other documents on the Device. The App facilitates performance of this and other functions operating with a processor of the Device. The user of the Device does not need to install any software to the Device. The App runs on the user's Device and allows the user to download an eBook—*A Tale of Two Cities*— to the Device. The App includes a tool, which allows the reader of *A Tale of Two Cities* to highlight portions of the text and add notes.

43.     When a user wants to highlight a section of the book running on the App, the App sends a request to the highlighting server. The request directed to the highlighting service server contains an address of the internet document containing the text to be highlighted, in this example, the first lines of the book: "It was the best of times, it was the worst of times . . . ." The address indicates the server hosting this internet document. In other words, the address is a reference to the location of the highlight. The Kindle user taps the Device's screen to move his or her cursor to the first word of the selection that he or she wants to highlight. In this example, the user moves the cursor to the beginning of the phrase, "It was the best of times . . . ." If the user would like to highlight a phrase or paragraph, he drags the highlight posts at the beginning and end to where he wants them to be. The highlighting tools will appear as soon as you lift your finger from the screen. The user may also type notes that he wants to appear in the space provided using the on-screen

keyboard. When he is finished typing the note, he taps the "Save" button to highlight the text and add the note to the highlighted section. The highlighting and notes of this user to *A Tale of Two Cities* are stored and associated with this user's account ("Library"). The App is configured to automatically retrieve and display for the Device user his stored highlights and notes taken with respect to this eBook copy of *A Tale of Two Cities*.

44.     Amazon infringes claim 17 and 18. The medium contains instructions that allow the user to share highlights with other users. These instructions also provide for interfaces that facilitate this collaboration. The collaboration, facilitated by the medium of claims 17 and 18, may occur over devices and documents.

45.     Amazon infringes claim 19. The App is stored on the Device. Components of the App also operate with servers accessed over a computer network. For example, the App running on the Device may download an eBook that is highlighted on the Device. The App running on the iPhone may then access the highlights to the eBook that were performed on the Device.

46.     Amazon infringes claim 20. The Device includes a storage that acts locally and connects to the internet. In other words, the user of the Device could access his stored highlights to *A Tale of Two Cities* on his iPhone running the App.

47.     Amazon infringes claim 21. The medium contains instructions that allow the user to share highlights with other users. These instructions also provide for interfaces that facilitate this collaboration.

### Prayer for Relief

WHEREFORE, Pop Top prays for the following relief against Amazon:

(a)     Judgment that Amazon has directly infringed claim 1 of the '623 patent and

the claims of the '713 patent;

(b)    A reasonable royalty;

(c)    Pre-judgment interest and post-judgment interest at the maximum rate
       allowed by law;

(d)    Post-judgment injunction; and

(e)    Such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pop Top demands a trial by jury on all matters and issues so triable.

Date:  <u>March 31, 2021</u>                    <u>*/s/Artoush Ohanian*_____</u>

                                      H. Artoush Ohanian
                                      Texas State Bar No. 24013260
                                      artoush@ohanianip.com
                                      OHANIANIP
                                      604 West 13th Street
                                      Austin, Texas 78701
                                      (512) 298.2005 (telephone & facsimile)

                                      Matthew M. Wawrzyn (application for *pro
                                      hac vice* admission forthcoming)
                                      matt@wawrzynlaw.com
                                      WAWRZYN LLC
                                      200 East Randolph Street, Suite 5100
                                      Chicago, IL 60601
                                      (312) 235-3120 (telephone)
                                      (312) 233-0063 (facsimile)

                                      *Counsel for Pop Top Corp.*

13