**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| POP TOP CORP., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 6:21-cv-00315-ADA <br><br><br> **JURY TRIAL DEMANDED** |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COM-
PLAINT UNDER FRCP 12(b)(6) BY AMAZON.COM, INC. FOR
<u>LACK OF CAPACITY TO SUE BY POP TOP CORP.</u>**

**I.      INTRODUCTION**

There is no dispute that, when Pop Top filed its Complaint against Amazon, Pop Top was a suspended corporation that lacked capacity to file suit under Federal Rule of Civil Procedure 17(b)(2).  Now that Pop Top has revived its corporate status, it does have capacity to file suit, but that revival is not retroactive.  Therefore, Amazon's motion to dismiss should be granted-in-part such that the filing date for Pop Top's Complaint is deemed to be June 8, 2021, the date Pop Top revived its corporate status.  Alternatively, the Court could grant Amazon's motion to dismiss in its entirety and require Pop Top to file a new complaint.

Pop Top argues in its Opposition, without citation to any authority, that the Court should deny Amazon's motion to dismiss in its entirety in light of Pop Top's revived corporate status. Pop Top, however, ignores controlling California law that provides that a corporate revival cannot prejudice an accrued defense, such as Amazon's 35 U.S.C. § 286 defense, which precludes a plaintiff from recovering patent infringement damages that accrued more than six years before a complaint was filed.  Amazon thus respectfully requests that the Court grant-in-part Amazon's motion to dismiss and hold that, for purposes of Section 286, the filing of Pop Top's Complaint is deemed to have occurred on June 8, 2021.

**II.     AMAZON'S MOTION SHOULD BE GRANTED, AT LEAST IN PART, BECAUSE POP TOP'S REVIVAL CANNOT PREJUDICE AMAZON'S SECTION 286 DEFENSE.**

Under Federal Rule of Civil Procedure 17(b)(2), a corporation's capacity to sue, including the effect of a revival of corporate status, is determined under the law of the state of incorporation, which for Pop Top is California.  *See*, *e.g.*, *Cmty. Elec. Serv. of L.A., Inc. v. Nat'l Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1239 (9th Cir. 1989) ("We apply California law to determine whether Community Electric may obtain retroactively the capacity to sue."), *abrogated in part on other grounds by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990).

Under California law, revival of a corporation cannot prejudice an accrued defense: "[R]einstatement shall be without prejudice to any action, defense, or right which has accrued by reason of the original suspension or forfeiture. . . ." Cal. Rev. & Tax. Code § 23305a. Importantly, "a statute of limitations defense that accrues while a corporation's powers are suspended is a defense that cannot be prejudiced by revival of the corporation. . . ." Martin D. Carr, 1 CAL. AFFIRMATIVE DEFS. § 18:17 (2d ed. 2021) (citing, among others, *Sade Shoe Co. v. Oschin & Snyder*, 217 Cal. App. 3d 1509, 1512-13 (2d Dist. 1990) ("A corporation which has its powers suspended pursuant to these sections lacks the legal capacity to prosecute or defend a civil action during its suspension. . . . Accordingly, when a suspended corporation commences an action during its suspension, the statute of limitations continues to run.") (internal citations omitted)).

The Supreme Court has interpreted 35 U.S.C. § 286 as the Patent Act's Statute of Limitations. *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 959 (2017). Section 286 specifically provides: "Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint. . . ."

Here, Pop Top filed a claim for infringement of U.S. Patent No. 7,996,623, which issued on June 21, 2011. (ECF No. 1-2.) Pop Top seeks a reasonable royalty for the alleged infringement, presumably including the six-year period prior to its filing of the Complaint, as set forth in Section 286. (ECF No. 1, Prayer for Relief.) Pop Top filed its Complaint on March 31, 2021, but lacked capacity to sue at that time, something it tacitly admits. (ECF No. 14-1 at ¶ 3 (Decl. of H. Artoush Ohanian).)[1] As a result, Amazon accrued a Section 286 defense between the date Pop Top

---

[1] Amazon received an official Certificate of Status from the State of California, dated June 7, 2021, showing Pop Top as "SUSPENDED." (Zeck Reply Decl., Ex. D.) This means that Pop Top revived its status on June 8, after Amazon filed its motion to dismiss.

originally filed its Complaint and the date it revived its suspended corporate status, and Pop Top's revival cannot prejudice that accrued defense.  *See, e.g.*, Martin D. Carr, 1 CAL. AFFIRMATIVE DEFS. § 18:17 (2d ed. 2021); *Community Elec.*, 869 F.2d at 1239-41 (finding antitrust claims barred because, under California law, revival of corporate status could not prejudice statute of limitations defense).  To prevent Pop Top's revival from prejudicing Amazon's accrued Section 286 defense, the Court should grant-in-part Amazon's motion to dismiss and hold that, for purposes of Section 286, the filing of Pop Top's Complaint should be deemed to have occurred on June 8, 2021.

Alternatively, the Court can preserve Amazon's accrued Section 286 defense by dismissing Pop Top's Complaint in its entirety and requiring Pop Top to file a new complaint.  This would not be an unreasonable remedy given Pop Top's failure to conduct even a minimal investigation into its own corporate status before filing this lawsuit.  By dismissing the Complaint in its entirety, the Court would discourage such conduct by others.

## III.  CONCLUSION

For the reasons set forth above, Amazon respectfully requests that the Court grant-in-part Amazon's motion to dismiss and hold that, for purposes of Section 286, the filing of Pop Top's Complaint is deemed to have occurred on June 8, 2021.  Alternatively, the Court can dismiss Pop Top's Complaint in its entirety.

Dated:  June 28, 2021

Respectfully submitted,

*M. Craig Tyler* (signature)

M. Craig Tyler, Bar No. 794762
CTyler@perkinscoie.com
PERKINS COIE LLP
500 W 2nd St, Suite 1900
Austin, TX  78701-4687
Telephone: (737) 256-6113
Facsimile: (737)256-6300

Daniel T. Shvodian, *Admitted Pro Hac Vice*
DShvodian@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

Kevin Zeck, *Admitted Pro Hac Vice*
KZeck@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

W. Matt Pierce, *Admitted Pro Hac Vice*
WPierce@perkinscoie.com
PERKINS COIE LLP
1900 16th Street, Suite 1400
Denver, CO 80202-5255
Telephone: (303) 291-2300
Facsimile: (303) (291-2400

*Attorneys for Defendant*
Amazon.com, Inc.

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 28, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                */s/ M. Craig Tyler*
                                                  M. Craig Tyler