# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| POP TOP CORP., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 6:21-cv-00315-ADA <br><br> **JURY TRIAL DEMANDED** |

## JOINT REVISED PROPOSED SCHEDULING ORDER

Plaintiff Pop Top Corp. ("Pop Top") and Defendant Amazon.com, Inc. ("Amazon") hereby jointly submit the revised proposed scheduling order attached hereto as Appendix A. The revised proposed schedule will not prejudice any party and will facilitate the orderly development of facts and evidence relevant to this case. More specifically, on July 13, 2021, Amazon raised a dispute with Pop Top regarding the sufficiency of its Preliminary Infringement Contentions ("PICs"), served on July 6, 2021. On August 5, 2021, the parties met and conferred, and reached an agreement (i) allowing Pop Top to promptly supplement its PICs[1] and (ii) in view of the expected supplementation, providing additional time for Amazon to serve its preliminary invalidity contentions and its accompanying production of technical documents. This agreement affects other dates on the original proposed scheduling order (ECF No. 17) up to the opening of fact discovery. The revised proposed schedule, however, does not modify any dates after the opening of fact discovery, as shown in the table below.

---

[1] Amazon reserves the right to raise challenges as to the sufficiency of any supplemental PICs that Pop Top may serve.

| Item | Original Proposed Deadline | Revised Proposed Deadline |
|---|---|---|
| Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.[2] | 7/06/21[3] | 8/23/21 |
| Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. | 8/31/21 | 9/28/21 |
| Parties exchange claim terms for construction. | 9/9/21 | 10/7/21 |
| Parties exchange proposed claim constructions. | 9/23/21 | 10/21/21 |

---

[2] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material.  Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

[3] According to the Order Governing Patent Cases, Plaintiff was to serve the preliminary infringement contentions July 1, 2021.  Plaintiff served the preliminary infringement contentions on July 6, 2021 and agreed to one additional week for Defendant to serve its preliminary invalidity contentions.

| Item | Original Proposed Deadline | Revised Proposed Deadline |
|---|---|---|
| Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[4] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | 9/30/21 | 10/28/21 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. | 10/7/21 | 11/4/21 |
| Defendant files Opening claim construction brief, including any arguments that any claim terms are not indefinite. | 10/14/21 | 11/11/21 |
| Plaintiff files Responsive claim construction brief. | 11/4/21 | 12/2/21 |
| Defendant files Reply claim construction brief. | 11/18/21 | 12/16/21 |
| Plaintiff files a Sur-Reply claim construction brief. | 12/2/21 | 12/30/21 |
| Parties submit Joint Claim Construction Statement.  *See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). | 12/7/21 | 1/4/22 |
| Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[5] | 12/9/21 | 1/6/22 |

---

[4] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[5] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Item | Original Proposed Deadline | Revised Proposed Deadline |
|---|---|---|
| *Markman* Hearing | **12/16/21** 1:30 PM (1.5 hours) | **1/13/22**[6] 1:30 PM (1.5 hours) |
| Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). | **12/17/21** | **1/14/22** |
| Deadline to add parties. | **1/27/22** | No change |
| Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. | **2/10/22** | No change |
| Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) | **4/7/22** | No change |
| Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues | **6/16/22** | No change |
| Close of Fact Discovery. | **6/30/22** | No change |
| Opening Expert Reports. | **7/7/22** | No change |
| Rebuttal Expert Reports. | **8/4/22** | No change |
| Close of Expert Discovery. | **8/25/22** | No change |
| Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The | **9/1/22** | No change |

---

[6] Or as soon thereafter as the Court's schedule permits.

| Item | Original Proposed Deadline | Revised Proposed Deadline |
|---|---|---|
| parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. | | |
| Dispositive motion deadline and *Daubert* motion deadline.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). | **9/8/22** | No change |
| Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). | **9/22/22** | No change |
| Serve objections to pretrial disclosures/rebuttal disclosures. | **10/6/22** | No change |
| Serve objections to rebuttal disclosures and file motions *in limine*. | **10/13/22** | No change |
| File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. | **10/20/22** | No change |
| File Notice of Request for Daily Transcript or Real Time Reporting.  If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. | **10/27/22** | No change |
| File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. | 3 business days before Final Pretrial Conference | No change |
| Final Pretrial Conference.  The Court expects to set this date at the conclusion of the *Markman* Hearing. | **11/10/22** | No change |
| Jury Selection/Trial. | **12/1/22** | No change |

- 6 -

The parties therefore believe that there is good cause for revising the proposed schedule and so respectfully request that the Court enter the revised proposed scheduling order submitted herewith, in lieu of the original proposed scheduling order.

Dated:  August 17, 2021

Respectfully submitted,

/s/ M. Craig Tyler
M. Craig Tyler, Bar No. 794762
CTyler@perkinscoie.com
PERKINS COIE LLP
500 W 2nd St, Suite 1900
Austin, TX  78701-4687
Telephone: (737) 256-6113
Facsimile: (737) 256-6300

Daniel T. Shvodian, *Admitted Pro Hac Vice*
DShvodian@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

Kevin Zeck, *Admitted Pro Hac Vice*
KZeck@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

W. Matt Pierce, *Admitted Pro Hac Vice*
WPierce@perkinscoie.com
PERKINS COIE LLP
1900 16th Street, Suite 1400
Denver, CO  80202-5255
Telephone: (303) 291-2300
Facsimile: (303) 291-2400

*Attorneys for Defendant*
Amazon.com, Inc.

*/s/ H. Artoush Ohanian*

H. Artoush Ohanian
Texas State Bar No. 24013260
artoush@ohanianip.com
OHANIANIP
604 West 13th Street
Austin, Texas 78701
Telephone/Facsimile: (512) 298-2005

Matthew M. Wawrzyn (*Pro Hac Vice*)
matt@wawrzynlaw.com
WAWRZYN LLC
200 East Randolph Street, Suite 5100
Chicago, IL 60601
Telephone: (312) 235-3120
Facsimile: (312) 233-0063

*Attorneys for Plaintiff,*
Pop Top Corp.

**CERTIFICATE OF AUTHORIZATION**

I conferred with opposing counsel and have been authorized to file this document on their behalf bearing opposing counsel's signature.

                                                */s/ M. Craig Tyler*
                                                  M. Craig Tyler

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 17, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                */s/ M. Craig Tyler*
                                                  M. Craig Tyler